STOULIG, Judge,
concurring.
I concur in the majority opinion affirming the trial court’s determination that the plaintiff is entitled to workmen’s compensation benefits for total and permanent disability and I am also in accord with the action of the majority in setting aside the award of penalties and attorney fees.
I have with reluctance concurred in the finding of the trial judge that plaintiff did bear the burden of proof necessary to sustain that he is totally and permanently disabled. I have done so solely because I am unable to conclude that as a matter of fact or law that in so doing the trial judge was manifestly erroneous. However, I candidly admit I would have reached a contrary result.
Accepting as true the testimony tendered on behalf of the plaintiff, the record reflects: (1) Mr. Lovisa can only perform 60 percent of the customary duties of a terrazzo floor mechanic; (2) he has been paid his full wages from the date of his hernia operation in 1973 through the date of the trial in 1976 and in all probability through the present date; (3) he received an increase in wages during each succeeding year during this period; and (4) according to its president, the employer would not hire a terrazzo mechanic with Mr. Lovisa’s disability.
From this evidence it is obvious that plaintiff because of his 40-percent disability is not actually earning the wages he is *393 being paid and therefore he is being gratuitously paid wages in lieu of compensation benefits. In my opinion it is repugnant to the intent of the statute that an employer who retains at full salary a disabled employee who cannot perform the customary substantial functions of his employment must simultaneously pay in addition thereto weekly compensation benefits. Such an anomalous situation of an employee being paid full salary and at the same time receiving compensation benefits for his inability to perform the services for which he is being paid his full salary defeats the purpose of the act itself, which is to provide sustenance to an individual who can no longer reap the full benefits of his customary trade or profession because of his disability. The only alternative an employer would have to avoid double payment, i. e., unearned wages and compensation benefits, would be to discontinue his voluntary payment of unearned full wages, to the economic prejudice of the employee.
In my opinion the compensation statute contemplates that under the circumstances of this case a finding of total and permanent disability be made and the employee awarded 500 weeks of compensation benefits; however, for each and every week that he is continued in his employment at full salary, his employer should be given credit for a gratuitous payment of unearned wages in lieu of compensation. Since the appellant did not seek this credit either at the trial or appellate level, this court should not sua sponte invoke this right which can be waived by the employer.